1  **LATHROP GAGE LLP**
2  Brian W. Fields (*Pro Hac Vice*)
   bfields@lathropgage.com
3  J. Bradley Leitch (*Pro Hac Vice*)
   bleitch@lathropgage.com
4  2345 Grand Blvd., Suite 2200
5  Kansas City, MO 64108-2618
   Telephone:  (816) 292-2000
6  Facsimile:  (816) 292-2001

7  Caroline A. H. Sayers (State Bar No. 209815)
8     csayers@lathropgage.com
   1888 Century Park East, Suite 1000
9  Los Angeles, CA 90067
10 Telephone: (310) 789-4600
   Facsimile: (310) 789-4601

Attorneys for Defendants OPSkins Group Inc., Exposition Park Holdings SEZC, Jonathan Yantis, Malcolm CasSelle, and William Quigley

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYPTO ASSET FUND, LLC, a Delaware limited liability company, and DIGITAL CAPITAL MANAGEMENT, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>OPSKINS GROUP INC., a Canadian company dba WORLDWIDE ASSET EXCHANGE; EXPOSITION PARK HOLDINGS SEZC, a Cayman Islands corporation; WILLIAM QUIGLEY, an individual; JONATHAN YANTIS, an individual; JOHN BRECHISCI, JR., an individual; MALCOLM CASSELLE, an individual; and DOES 1-10, inclusive,<br><br>Defendant. | Case No.  2:19-cv-06983-CJC-JCx<br><br>[Hon. Cormac J. Carney]<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTIONS TO DISMISS OR STAY THE ACTION**<br>**[DKT. NOS. 14, 24, 26, 40]**<br><br>Hearing Date:  August 17<br>Hearing Time:  1:30<br>Hearing Place:  Courtroom 7C |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on August 17, 2020, at 1:30 p.m., or as soon thereafter as counsel may be heard before the Honorable Cormac J. Carney, United States District Judge, Courtroom 7C, United States Courthouse, 350 W. 1st Street, Los Angeles, CA 90012, Defendants Exposition Park Holdings SEZC ("EPH"), OPSkins Group Inc., Jonathan Yantis, Malcolm CasSelle, and William Quigley (collectively, "Defendants")[1] will and hereby do move the Court for leave to file supplemental authority (attached hereto as Exhibit A) in support of their respective Motions to Dismiss or Stay the Action [Dkts. 14, 24, 26, 40].

On August 12, 2019, Plaintiffs Crypto Asset Fund, LLC, and Digital Capital Management, LLC (collectively, "Plaintiffs"), filed their Complaint against Defendants alleging securities laws violations, breach of contract, and violations of California Business & Professions Code § 17200. (Dkt. 1.)

Each of the Defendants thereafter filed a Motion to Dismiss or Stay the Action. (Dkts. 14, 24, 26, and 40.)  Plaintiffs have filed Oppositions to each of these Motions, except for the Motion brought by Defendant Quigley.  (Dkts. 20, 31, and 32.)

The Court ordered the parties to take the deposition of Thomas Graham because the "Court believes that deposition testimony from Mr. Graham will help the Court decide whether the parties had a valid arbitration agreement, and that the interests of justice require Mr. Graham be deposed." (Dkt. 39; *see also* Dkt. 45 extending the deadline by which to take the deposition of Mr. Graham.)

Thereafter, the parties took the deposition of Mr. Graham and filed their supplemental briefs regarding the import of Mr. Graham's testimony. (Dkts. 54, 55.)

---

[1] John Brechisci is named as a defendant in their Complaint but has not been served in this action.

In its November 25, 2019 Order (Dkt. 45), the Court vacated the hearing for the Motion by Defendant Quigley. Without a hearing date set for that Motion, no opposition was filed, nor was any reply in support of the Motion.

At the time of this filing, the Court has not issued a ruling on any of the Defendants' Motions to Dismiss or Stay the Action.

In Plaintiffs' Oppositions to the Motions to Dismiss or Stay, Plaintiffs' argue, in part, that all Defendants except EPH cannot seek dismissal or stay based on an arbitration agreement because they are not signatories to the contract that contains the arbitration provisions and the arbitration provision would be governed by the International Convention on the Recognition and Enforcement of Foreign Arbitration Awards ("the Convention"), 21 U.S.T. 2517, T.I.A.S. No. 6997. For this proposition, the Oppositions cite *Yang v. Majestic Blue Fisheries, LLC*, 876 F.3d 996 (9th Cir. 2017).

On June 1, 2020, the United States Supreme Court issued its opinion in *GE Energy Power Conv. France SAS, Corp. v. Outokumpu Stainless USA, LLC*, -- U.S. --, 140 S. Ct. 1637 (2020). The *Outokumpu* opinion abrogates *Yang* and holds arbitration agreements subject to the Convention can be enforced by non-signatories based on state law principals such as assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel. *Id.* at 1643-44.

Defendants respectfully request the Court grant them leave to file a short memorandum, not to exceed five pages, addressing the effect of the *Outokumpu* decision on the Motions to Dismiss or Stay the Action in the form attached hereto as Exhibit A, or for such other relief as this Court deems reasonable and just.

This Motion is based on this Notice of Motion and Motion, all pleadings on file in this action, all matters of which the Court may take judicial notice, and such further oral or documentary evidence or argument that the Court may consider.

1  This Motion is brought following the conference of counsel pursuant to L.R. 7-
2  3, which took place on July 15 and 17, 2020.

Dated:  July 20, 2020

LATHROP GAGE LLP

By: /s/ *Caroline A. H. Sayers*

Caroline A. H. Sayers
Attorneys for Defendant
Exposition Park Holdings SEZC, OPSkins Group, Inc., Jonathan Yantis, William Quigley, Malcolm CasSelle

---

**DEFENDANTS' NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY IN SUPPORT OF MOTIONS TO DISMISS OR STAY THE ACTION**

-3-